UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERIC MCCALL (#418559)                                                    CIVIL ACTION

VERSUS

TROY PORET, ET AL.                                                          NO. 15-194-BAJ-RLB

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 22, 2016.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERIC MCCALL (#418559)                                                          CIVIL ACTION

VERSUS

TROY PORET, ET AL.                                                             NO. 15-194-BAJ-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on a Motion to Dismiss Pursuant to FRCP 12(b)(6) (R. Doc. 8) filed on behalf of defendants Troy Poret, Trent Barton, and David Ankenbrand.[1] The motion is opposed. (R. Doc. 15).

The *pro se* plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Asst. Warden Troy Poret, Major Williams Butler, Sgt. Morris Smith,[2] Major Trent Barton, and mental health worker David Ankenbrand. The plaintiff complains that his constitutional rights were violated on July 15, 2014 through retaliation, use of excessive force, failure to intervene and protect the plaintiff from the use of excessive force, and deliberate indifference to his serious medical needs.

In the instant motion, the defendants first seek dismissal on jurisdictional grounds, presumably pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of the plaintiff's

---

[1] Defendant Williams Butler was served on August 21, 2015 and filed an Answer on August 26, 2015, but has not joined in the Motion (R. Doc. 8) presently before the Court.
[2] An attempt by the United States Marshal's Office to serve Sgt. Morris Smith has proven unsuccessful, specifically because service of process was not accepted on behalf of this defendant as he is no longer employed at LSP. *See* R. Doc. 6. Pursuant to requirements of Rule 4(m) of the Federal Rules of Civil Procedure at the time of the filing of the Complaint, the failure to serve a defendant within 120 days of commencement of an action is cause for dismissal of that defendant from the proceeding. Although a pro se plaintiff may rely on service by the U.S. Marshal, he may not remain silent and do nothing to effectuate such service, and should attempt to remedy any defects of which he has knowledge. Since being informed of the lack of service, plaintiff has failed to take action to direct service on this defendant. It is appropriate, therefore, that the plaintiff's claims asserted against Sgt. Morris Smith be dismissed, without prejudice, for failure of the plaintiff to effect timely service upon him.

claim against Asst. Warden Poret in his official capacity.[3]  In this regard, the defendants are correct that § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983.  *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).  In addition, in *Hafer v. Melo,* 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment.  *Id*. at 25.  Accordingly, the plaintiff's claims asserted against defendant Poret in his official capacity for monetary damages are subject to dismissal.  In contrast, the plaintiff's claims for monetary damages asserted against the defendants in their individual capacities remain viable because a claim against a state official in an individual capacity, seeking to impose personal liability for actions taken under color of state law, is not treated as a suit against the state.  *Id*. at 29.

Turning to the plaintiff's claims that are not subject to dismissal on the basis of Eleventh Amendment immunity, the defendants next assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted.  In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6).  Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555.  "To survive a motion to dismiss, a complaint must contain sufficient factual

---

[3] The other defendants are named in their individual capacities.

matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint as amended, the plaintiff alleges the following. On July 15, 2014, at approximately 2:30 p.m., Asst. Warden Poret, Major Butler, Major Barton, and Sgt. Smith approached the plaintiff's cell, and Asst. Warden Poret told the plaintiff that if he did not drop his previously filed suit against other correctional officers, "you won't live to file another." The plaintiff advised Asst. Warden Poret that he would not drop the suit, and Asst. Warden Poret then advised Major Butler to retrieve a can of chemical agent. Major Butler retrieved the

chemical agent and sprayed the plaintiff, without consulting mental health worker David Ankenbrand to determine if use of the chemical agent was appropriate in light of the plaintiff's history of schizophrenia and polysubstance abuse.  The plaintiff used water from his toilet to flush his eyes and cleanse his face.  He was then ordered to come to the cell bars to be restrained.  The plaintiff was restrained by Asst. Warden Poret and Major Butler.  As the plaintiff was being escorted from his cell, Major Butler pushed him into the cell wall and Asst. Warden Poret struck the plaintiff on his head with a portable radio.  Major Barton and Sgt. Smith failed to stop the attack.  The plaintiff was then placed in a shower cell while still in restraints, but was not allowed to shower.  Despite his request, he did not receive medical attention until approximately 7:50 p.m. when he again requested medical care, after a shift change occurred and new correctional officers were on duty.

In response to the plaintiff's allegations, the defendants have asserted that they are entitled to qualified immunity in connection with the plaintiff's claims.  The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks.  *Huff v. Crites*, 473 Fed. Appx. 398 (5th Cir.2012).  As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights.  *Id.* at 201.  Second, the district court looks to whether the rights allegedly violated were clearly established.  *Id.*  This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition.  *Id.*  The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted.  *Id.*

Undertaking the qualified immunity analysis, the Court finds that the defendants' motion should be granted in part.  Specifically, the Court concludes that the plaintiff's claims against mental health worker David Ankenbrand, and the plaintiff's claim of deliberate indifference to his serious medical needs should be dismissed.

With regards to the plaintiff's claims against mental health worker David Ankenbrand, the defendants assert that the plaintiff has failed to allege sufficient personal involvement on the part of Ankenbrand.  The defendants' Motion is well taken in this regard.  In order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir.1983).  Any allegation that the defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or respondeat superior is alone insufficient to state a claim under § 1983.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).  *See also Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir.2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of respondeat superior or vicarious liability").  Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law.  *Lozano v. Smith*, *supra*, 718 F.2d at 768.

The plaintiff alleges only that Ankenbrand was "neither summoned nor called to the scene."  Accordingly, the plaintiff has failed to allege sufficient personal involvement on the part of Ankenbrand, as the plaintiff alleges that Ankenbrand was not notified that a chemical agent was going to be administered, and was not present at the time the chemical agent was used.  The plaintiff's other allegation, that Ankenbrand is liable for the acts of other officials, is entirely conclusory.  As such, the defendants' Motion as to the plaintiff's claims against mental health worker David Ankenbrand should be granted.

Turning to plaintiff's claim that defendants were deliberately indifferent to his serious medical needs, his Complaint likewise falls short.  In order for there to be liability in connection with a claim of deliberate medical indifference, an inmate plaintiff must allege that appropriate medical care has been denied and that the denial has constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir.1985).  Whether the plaintiff has received the treatment or accommodation that he believes he should have is not the issue. *Estelle v. Gamble*, *supra*.  Nor do negligence, neglect, unsuccessful treatment, or even medical malpractice, give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991).  Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994).  As stated in *Farmer*, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.  The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would

clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001), *quoting Estelle v. Gamble*, *supra*. Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993).

The plaintiff's allegations, accepted as true for purposes of this motion, reflect that the incident with the defendants occurred at approximately 2:30 p.m. on July 15, 2014, and the plaintiff was seen and treated for his complaints at approximately 7:50 p.m. on the same date. Thus, if anything, it appears that the plaintiff's claim amounts to one of mere delay in the provision of medical care, not to deliberate indifference to a perceived risk of serious harm. Furthermore, the plaintiff does not allege that the delay in medical treatment resulted in substantial harm. To the extent the defendants are asserting qualified immunity as to the plaintiff's claim of deliberate indifference to his serious medical needs,[4] the defendants' Motion should be granted.

With regards to the plaintiff's retaliation claim, the defendants assert that the plaintiff's allegations are conclusory, and do not set forth a chronology of events from which retaliation may be plausibly inferred. The defendants further assert that the retaliatory acts of Asst. Warden Poret and Major Barton were *de minimis*, and the plaintiff has not alleged to have suffered any prejudice or injury as a result.

Prison officials may not retaliate against a prisoner for exercising his First Amendment right of access to the courts, or for complaining through proper channels about a guard's misconduct. *Morris v. Powell,* 449 F.3d 682, 684 (5th Cir.2006); *Woods v. Smith,* 60 F.3d 1161,

---

[4] *Id.*

1164 (5th Cir.1995).  However, claims of retaliation from prison inmates are regarded with skepticism, lest federal courts embroil themselves in every adverse act that occurs in penal institutions.  *Woods,* 60 F.3d at 1166.  To prevail on a claim of retaliation, a prisoner must establish four elements: (1) a specific constitutional right; (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right; (3) a retaliatory adverse act; and, (4) causation.  *Morris,* 449 F.3d at 684; *Hart v. Hairston,* 343 F.3d 762, 764 (5th Cir.2003); *Jones v. Greninger,* 188 F.3d 322, 324–25 (5th Cir.1999).

If an inmate is unable to point to a specific constitutional right that has been violated, then the claim will fail as a matter of law.  *Tighe v. Wall,* 100 F.3d 41, 43 (5th Cir.1996) (dismissing an inmate's claim for failure to demonstrate the violation of a constitutional right); *Woods,* 60 F.3d at 1166 (observing that, "[t]o state a claim, the inmate must allege the violation of a specific constitutional right").  Further, the inmate must allege more than his personal belief that he is the victim of retaliation.  *Jones,* 188 F.3d at 325; *Johnson v. Rodriguez,* 110 F.3d 299,310 (5th Cir.1997).  To demonstrate the requisite retaliatory intent on the defendant's part, the inmate must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred.  *Woods,* 60 F.3d at 1166.  Regarding the element of causation, a successful claim of retaliation requires a showing that "but for" some retaliatory motive, the complained of adverse action would not have occurred.  *Johnson,* 110 F.3d at 310; *Woods,* 60 F.3d at 1166.

In addition, the complained-of adverse action must be more than *de minimis* to support a claim of retaliation in the prison context.  *Morris,* 449 F.3d at 684–85; *Hart,* 343 F.3d at 764.  The purpose of allowing inmates retaliation claims under 42 U.S.C. § 1983 is to ensure that prisoners are not unduly discouraged from exercising constitutional rights.  *Morris,* 449 F.3d at

686 (citing *Crawford–El v. Britton,* 523 U.S. 574, 588 n. 10, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998)).  Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights.  *Morris,* 449 F.3d at 686.  *De minimis* acts that would not deter an ordinary person from further exercise of his rights do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim.  *Id.*

Accepting as true all of the factual allegations contained in the plaintiff's Complaint as amended, the defendants' Motion with regards to the plaintiff's retaliation claim should be denied.  The plaintiff's allegations are not conclusory, rather the plaintiff alleges that: (1) Asst. Warden Poret told the plaintiff to dismiss his previously filed suit against other correctional officers; (2) the plaintiff refused to dismiss his suit; (3) Asst. Warden Poret then ordered Major Butler to retrieve a can of chemical agent; and (4) Major Butler retrieved a can of chemical agent and sprayed the plaintiff.  The plaintiff's allegations are sufficient to state a claim for retaliation.  Furthermore, again accepting the plaintiff's allegations as true for the purposes of this Motion, the defendants' actions were more than *de minimus*, and were capable of deterring a person of ordinary firmness from further exercising his constitutional rights.  Accordingly the defendants' Motion, as to the plaintiff's retaliation claim, should be denied.

The plaintiff also asserts that defendants Asst. Warden Poret and Major Butler utilized excessive force, and defendants Sgt. Smith and Major Barton failed to intervene to protect the plaintiff from the same.  Use of force by a prison official is excessive and violates the Eighth Amendment to the United States Constitution only when such force is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline.  *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010), *quoting Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  Not every malicious or malevolent action by a prison guard gives rise to a

federal cause of action, however, and the Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind." *Hudson v. McMillian, supra*, 503 U.S. at 10, *quoting Whitley v. Albers*, 475 U.S. 312, 327 (1986).

The fact that an inmate may have sustained only minimal injury, however, does not end the inquiry, and an inmate who has been subjected to gratuitous force by prison guards "does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy, supra*, 559 U.S. at 38.  Notwithstanding, the Court may consider the extent of injury, if any, as potentially relevant to a determination whether an alleged use of force was excessive under the circumstances.  Other factors that may be considered in determining whether an alleged use of force has been excessive include the perceived need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response. *Hudson v. McMillian, supra*, 503 U.S. at 7.  Additionally, a defendant security officer may be found responsible for a failure to intervene and take reasonable measures to protect an inmate from another officer's excessive use of force.  *See Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013) *citing Hale v. Townley*, 45 F.3d 914, 916 (5th Cir. 1995).

Again accepting the allegations of the plaintiff's Complaint as amended as true, the Court finds that the plaintiff's allegations are sufficient to state a claim for excessive use of force and failure to intervene.  The plaintiff alleges that he was, without provocation, sprayed with a chemical agent, pushed against his cell wall, and struck in the head with a portable radio by

defendants Poret and Butler, while defendants Smith and Barton were present but took no intervening action. The plaintiff thereafter sought medical attention. To the extent the defendants' are asserting qualified immunity as to these claims,[5] the defendants' motion should be denied.

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, given the Court's recommendations and the nature of the plaintiff's remaining federal claims, the plaintiff's state law claims will substantially predominate over the claims over which the district court has original jurisdiction. Accordingly, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that plaintiff's claims against Sgt. Morris Smith be dismissed, without prejudice, for failure of the plaintiff to serve this defendant within 120 days as was mandated by Federal Rule of Civil Procedure 4(m) at the time of the filing of the plaintiff's Complaint. It is further recommended that the Motion to Dismiss, filed on behalf of defendants Troy Poret, Trent Barton, and David Ankenbrand, be granted in part, dismissing with prejudice any claims against defendant Poret in his official capacity, dismissing all claims asserted against defendant

---

[5] The defendants' Motion contains a blanket statement that the appearing defendants "are entitled to qualified immunity." Nevertheless, the defendants' Memorandum in support did not address the plaintiff's claims of excessive force or failure to intervene to protect the plaintiff from the same.

Ankenbrand, and dismissing the plaintiff's claim for deliberate indifference to his serious medical needs.  It is also recommended that the Court decline the exercise of supplemental jurisdiction in connection with the plaintiff's potential state law claims.  It is the further recommendation of the Magistrate Judge that in all other respects the defendants' Motion to Dismiss be denied.

      Signed in Baton Rouge, Louisiana, on January 22, 2016.

                                              **RICHARD L. BOURGEOIS, JR.**
                                              **UNITED STATES MAGISTRATE JUDGE**