UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERIC MCCALL (#418559)                                    CIVIL ACTION

VERSUS

TROY PORET, ET AL.                                       NO.:15-00194-BAJ-RLB

RULING AND ORDER

Before the Court is the United States Magistrate Judge's Report and Recommendation (Doc. 32), pursuant to 28 U.S.C. § 636(b)(1), recommending that the **Motion to Dismiss (Doc. 8)**, filed by Defendants Asst. Warden Troy Poret, Major Trent Barton and David Ankenbrand, be granted in part and denied in part. The Magistrate Judge recommended the dismissal of Plaintiff's claims against Asst. Warden Poret in his official capacity, all claims against Ankenbrand, and Plaintiff's deliberate medical indifference claims. It was further recommended that Plaintiff's claims against Sgt. Morris Smith be dismissed for failure to serve within 120 days pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

The Magistrate Judge's Report and Recommendation specifically notified Plaintiff that, pursuant to 28 U.S.C. § 636(b)(1), he had fourteen (14) days from the date he received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 32 at p. 1). Plaintiff timely filed an objection (Doc. 34).[1]

---

[1] Plaintiff only objects to the dismissal of Ankenbrand. Plaintiff contends that, on June 22, 2014, he notified Ankenbrand that the other Defendants were threatening him and Ankenbrand failed to "do

Having carefully considered the underlying Complaint and Amended Complaint, the instant motion, and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts the findings of fact, conclusions of law, and recommendations therein.

Furthermore, the Magistrate Judge's Report and Recommendation served as a notice to Plaintiff that his claims against Sgt. Smith were subject to dismissal for failure to serve. Since Plaintiff did not object to the dismissal, or demonstrate good cause for his failure to serve Sgt. Smith, the Court adopts the recommendation that Plaintiff's claims against Sgt. Smith be dismissed without prejudice.

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report and Recommendation (Doc. 32)** is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that Defendants' **Motion to Dismiss (Doc. 8)** is **GRANTED IN PART** and **DENIED IN PART.** It is granted as to Plaintiff's

---

anything." (Doc. 34 at p. 1). Plaintiff also cites *White v. Napoleon*, 897 F.2d 103 (3d Cir. 1990), for the assertion that Ankenbrand is liable for "ineffective course of treatment." Plaintiff's objections seem to implicate his medical indifference claim and new factual allegations against Ankenbrand for failure to protect. The Magistrate Judge thoroughly addressed Plaintiff's medical indifference claim and properly concluded that Plaintiff's claim is an allegation of delayed medical treatment, not deliberate indifference. As to the new factual allegations asserted against Ankenbrand, which were not alleged in the Complaint or Amended Complaint, the Court finds that they are improperly alleged at this stage. To properly make these allegations, Plaintiff must move the Court for leave to file a second amended complaint. Nonetheless, if the Court were to give consideration, the allegations would not rise to a constitutional violation for failure to protect because a plaintiff must allege more than solely notifying prison personnel of threats. *Spicer v. Collins*, 9 F. Supp. 2d 673, 684 (E.D. Tex. 1998); *see also Armstrong v. Price*, 190 F. App'x 350, 353 (5th Cir. 2006); *Garcia v. TDCJ-CID Dir.*, No. 09-0436, 2009 WL 2901522, at *1 (S.D. Tex. Aug. 28, 2009).


claims against Asst. Warden Troy Poret in his official capacity, Plaintiff's claims against David Ankenbrand, and Plaintiff's claims for medical indifference. It is denied as to Plaintiff's claims for retaliation and excessive force against Asst. Warden Troy Poret, in his individual capacity, and Major Trent Barton.

**IT IS FURTHER ORDERED** that Plaintiff's 42 U.S.C. § 1983 claim for deliberate medical indifference is **DISMISSED** against all Defendants.

**IT IS FURTHER ORDERED** that Plaintiff's 42 U.S.C. § 1983 claims against Defendant Asst. Warden Troy Poret in his official capacity are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's 42 U.S.C. § 1983 claims against Defendant David Ankenbrand are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that, pursuant to Rule 4(m), Plaintiff's 42 U.S.C. § 1983 claims against Defendant Sgt. Morris Smith are **DISMISSED WITHOUT PREJUDICE** for failure to serve.

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction in connection with any potential remaining state law claims.

Baton Rouge, Louisiana, this 29th day of February, 2016.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA