UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERIC MCCALL (#418559)                                                    CIVIL ACTION

VERSUS

TROY PORET, ET AL.                                                       NO. 15-194-BAJ-RLB

ORDER

Before the Court is the defendants' Motion to Strike Plaintiff's Additional Request for Interrogatories (R. Doc. 48).

On April 8, 2015, the Court issued an Order limiting discovery in this matter to, in pertinent part, ten interrogatories per party.  *See* R. Doc. 4.  The plaintiff propounded interrogatories to defendants Poret and Barton on May 28, 2015, and to defendant Butler on September 2, 2015.  *See* R. Docs. 10, 11, and 27.  Following a stay of discovery, the defendants responded to the plaintiff's interrogatories on February 4, 2016.  *See* R. Docs. 36-38.  On the same date, the plaintiff propounded additional interrogatories to defendants Poret, Barton, and Butler.  *See* R. Docs. 39-41.

The defendants request that the additional interrogatories (R. Docs. 39-41) be stricken on the grounds that these interrogatories exceed the aforementioned discovery limitation set by the Court, and that the defendants should not be burdened with responding to unnecessary discovery requests.  The defendants' Motion is well taken.

The record reflects that the plaintiff initially propounded ten numbered interrogatories to defendant Poret (R. Doc. 10) and ten numbered interrogatories to defendant Butler (R. Doc. 27).  As such, the additional interrogatories propounded to defendant Poret (R. Doc. 41) and defendant Butler (R. Doc. 40) exceed the Court ordered discovery limitation referenced above.  Leave of

court to propound additional interrogatories has not been sought by plaintiff nor granted by the Court.

Regarding the additional interrogatories propounded to defendant Barton (R. Doc. 39), the record reflects that the plaintiff initially propounded seven numbered interrogatories to the defendant Barton.  As such, not all of the additional interrogatories propounded to defendant Barton would exceed the referenced discovery limitation.  Nevertheless, a review of the additional interrogatories propounded to defendant Barton (R. Doc. 39) reveals that they are duplicative of interrogatories previously propounded to the defendants, for which the defendants have already provided responses.[1]  The additional interrogatories propounded to defendants Poret and Butler are also duplicative, with the exception of one interrogatory.[2]  As such, defendant Barton should not be burdened with responding to these duplicative interrogatories, and nor should defendants Poret and Butler.  The plaintiff is advised that upon review of these additional interrogatories, leave of Court to propound these additional duplicative interrogatories will not be granted if requested.  Accordingly,

---

[1] Interrogatory No. 6 requests that defendant Barton describe the tape recordings of disciplinary hearings conducted on July 17, 2014, July 18, 2014, and July 22, 2014.  Defendant Butler was asked to describe the same, and responded that he is not the custodian of such records and does not have access to them.  *See* R. Doc. 37, p. 3.  There is no reason to believe defendant Barton's response would be any different.  Interrogatory No. 7 asks defendant Barton to describe the use of force policy, which is Directive No. 09.002.  A copy of Directive No. 09.002 was previously provided by former defendant David Ankenbrand in response to interrogatories propounded to him by the plaintiff.  *See* R. Doc. 35-1, p. 42-60.  Interrogatory No. 8 concerns the plaintiff's mental health records.  A Request for Production to produce a copy of the same, which is the more appropriate way to obtain such information, has been propounded to defendant Butler.  *See* R. Doc. 44, p. 2.  Interrogatory No. 10 requests information concerning an investigation conducted by Lt. Col. Joe R. Jones.  Defendant Butler has already asserted that any responsive information, beyond the statements made in response to plaintiff's ARP, are privileged.  *See* R. Doc. 37, p. 4.
[2] Interrogatory No. 10 of the plaintiff's additional interrogatories propounded to defendant Butler (R. Doc. 40) requests defendant Butler to, "Identify the booth tier inside cell, bars in outside booth cell."  While it is unclear to the Court exactly what information this interrogatory is seeking, it does not appear that the plaintiff has requested this information previously.  The Court notes though that the plaintiff has propounded a Request for Production to defendant Butler requesting photographs of "the booth tier cell inside cell and out side of booth," which may provide the information the plaintiff seeks in Interrogatory No. 10.  *See* R Doc. 44, p. 2.

**IT IS ORDERED** that the defendants' Motion (R. Doc. 48) be and is hereby **GRANTED.** Defendants need not respond to Plaintiff's discovery propounded in Record Documents 39, 40 and 41.

Signed in Baton Rouge, Louisiana, on March 22, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**