**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ERIC MCCALL (#418559)**                                **CIVIL ACTION**

**VERSUS**

**TROY PORET, ET AL.**                                   **NO. 15-194-BAJ-RLB**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 30, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERIC MCCALL (#418559)                                               CIVIL ACTION

VERSUS

TROY PORET, ET AL.                                                  NO. 15-194-BAJ-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motion for Summary Judgment (R. Doc. 50). The Motion is opposed. *See* R. Docs. 55, 69, and 75.

The *pro se* plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Asst. Warden Troy Poret, Major William Butler, Sgt. Morris Smith, Major Trent Barton, and mental health worker David Ankenbrand. The plaintiff complained that his constitutional rights were violated on July 15, 2014 through retaliation, use of excessive force, failure to intervene and protect the plaintiff from the use of excessive force, and deliberate indifference to his serious medical needs. The only claims still pending before the Court are the plaintiff's claims of retaliation and use of excessive force asserted against defendants Poret and Butler in their individual capacities.[1]

The defendants move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, LSP Penitentiary Directive #09.002 (Use of Force), and the affidavits of Major Trent Barton, Asst. Warden Troy Poret, Major William Butler, Dr. Randy Lavespere, and Lt. Col. Joe R. Jones. The plaintiff opposes the defendants' Motion relying upon the pleadings,

---

[1] The plaintiff's claims against defendants Smith and Ankenbrand, along with his claims against defendant Poret in his official capacity and his claim for deliberate indifference to his serious medical needs were previously dismissed pursuant to a Motion to Dismiss filed on behalf of the defendants. The Court also declined the exercise of supplemental jurisdiction over the plaintiff's potential state law claim. *See* R. Docs. 32 and 46. Defendant Barton was dismissed pursuant to the plaintiff's Motion. *See* R. Docs. 74 and 76.

LSP Penitentiary Directive #09.002 (Use of Force), a photo of Camp J. Cuda Unit 3R Cell 6, photos of Camp J Cuda Unit 3R Tier, a photo of Camp J Cuda Unit 3R shower, two photos of the plaintiff's head, a photo of a portable radio, an Unusual Occurrence Report dated July 15, 2014, a copy of duty status dated May 7, 2014, a copy of defendant Poret's Response to Request for Admissions, a copy of a Clinical Screening Appraisal, a copy of an AIMS Examination, copies of portions of the plaintiff's Mental Health records, and the Declarations of co-inmates Mickey Taylor and Richard Keller.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).  A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.  *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.  If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.  *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248.  This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden

of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint as amended, the plaintiff alleges the following. On July 15, 2014, at approximately 2:30 p.m., Asst. Warden Poret, Major Butler, Major Barton, and Sgt. Smith approached the plaintiff's cell, and Asst. Warden Poret told the plaintiff that if he did not drop his previously filed suit against other correctional officers, "you won't live to file another." The plaintiff advised Asst. Warden Poret that he would not drop the suit, and Asst. Warden Poret then advised Major Butler to retrieve a can of chemical agent. Major Butler retrieved the chemical agent and sprayed the plaintiff, without consulting mental health worker David Ankenbrand to determine if use of the chemical agent was appropriate in light of the plaintiff's history of schizophrenia and polysubstance abuse. The plaintiff used water from his toilet to flush his eyes and cleanse his face. He was then ordered to come to the cell bars to be restrained. The plaintiff was restrained by Asst. Warden Poret and Major Butler. As the plaintiff was being escorted from his cell, Major Butler pushed him into the cell wall and Asst. Warden Poret struck the plaintiff on his head with a portable radio. Major Barton and Sgt. Smith failed to stop the attack. The plaintiff was then placed in a shower cell while still in restraints, but was not allowed to shower. Despite his request, he did not receive medical attention until approximately

7:50 p.m. when he again requested medical care, after a shift change occurred and new correctional officers were on duty.

In response to the plaintiff's allegations, the defendants have asserted that they are entitled to qualified immunity in connection with the plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 Fed. Appx. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id.* The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id.*

Undertaking the qualified immunity analysis, the Court finds that the defendants' motion should be denied. Specifically, the Court concludes that there are genuine disputed issues of material fact relative to the plaintiff's claims retaliation and use of excessive force.

Prison officials may not retaliate against a prisoner for exercising his First Amendment right of access to the courts, or for complaining through proper channels about a guard's misconduct. *Morris v. Powell,* 449 F.3d 682, 684 (5th Cir.2006); *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir.1995). However, claims of retaliation from prison inmates are regarded with skepticism, lest federal courts embroil themselves in every adverse act that occurs in penal institutions. *Woods,* 60 F.3d at 1166. To prevail on a claim of retaliation, a prisoner must

establish four elements: (1) a specific constitutional right; (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right; (3) a retaliatory adverse act; and, (4) causation.  *Morris,* 449 F.3d at 684; *Hart v. Hairston,* 343 F.3d 762, 764 (5th Cir.2003); *Jones v. Greninger,* 188 F.3d 322, 324–25 (5th Cir.1999).

If an inmate is unable to point to a specific constitutional right that has been violated, then the claim will fail as a matter of law.  *Tighe v. Wall,* 100 F.3d 41, 43 (5th Cir.1996) (dismissing an inmate's claim for failure to demonstrate the violation of a constitutional right); *Woods,* 60 F.3d at 1166 (observing that, "[t]o state a claim, the inmate must allege the violation of a specific constitutional right"). Further, the inmate must allege more than his personal belief that he is the victim of retaliation.  *Jones,* 188 F.3d at 325; *Johnson v. Rodriguez,* 110 F.3d 299,310 (5th Cir.1997).  To demonstrate the requisite retaliatory intent on the defendant's part, the inmate must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred.  *Woods,* 60 F.3d at 1166.  Regarding the element of causation, a successful claim of retaliation requires a showing that "but for" some retaliatory motive, the complained of adverse action would not have occurred.  *Johnson,* 110 F.3d at 310; *Woods,* 60 F.3d at 1166.

In addition, the complained-of adverse action must be more than *de minimis* to support a claim of retaliation in the prison context.  *Morris,* 449 F.3d at 684–85; *Hart,* 343 F.3d at 764. The purpose of allowing inmates retaliation claims under 42 U.S.C. § 1983 is to ensure that prisoners are not unduly discouraged from exercising constitutional rights.  *Morris,* 449 F.3d at 686 (citing *Crawford–El v. Britton,* 523 U.S. 574, 588 n. 10, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998)).  Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights.  *Morris,* 449 F.3d at 686.  *De*

*minimis* acts that would not deter an ordinary person from further exercise of his rights do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim. *Id.*

Use of force by a prison official is excessive and violates the Eighth Amendment to the United States Constitution only when such force is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010), *quoting Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Not every malicious or malevolent action by a prison guard gives rise to a federal cause of action, however, and the Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind." *Hudson v. McMillian, supra*, 503 U.S. at 10, *quoting Whitley v. Albers*, 475 U.S. 312, 327 (1986).

The fact that an inmate may have sustained only minimal injury, however, does not end the inquiry, and an inmate who has been subjected to gratuitous force by prison guards "does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy, supra*, 559 U.S. at 38. Notwithstanding, the Court may consider the extent of injury, if any, as potentially relevant to a determination whether an alleged use of force was excessive under the circumstances. Other factors that may be considered in determining whether an alleged use of force has been excessive include the perceived need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response. *Hudson v. McMillian, supra*, 503 U.S. at 7.

Applying the foregoing standards, the Court finds that there are disputed questions of material fact. The sworn declarations of inmates Taylor and Keller executed "under penalty of

perjury," attest that on July 15, 2014 at around 2:30 p.m., the plaintiff was in cell 6 and was playing chess with the inmate in cell 8 by calling out their moves as they made them. Asst. Warden Poret and Majors Barton and Butler approached the plaintiff's cell and asked the plaintiff to drop his lawsuit against other prison officials. According to inmate Taylor, defendant Poret told the plaintiff that if he did not drop the suit he would not live to file another. When the plaintiff refused, defendant Poret ordered defendant Butler to get a can of gas. Defendant Butler left the tier and returned with the gas. Defendant Poret then told defendant Barton to spray the plaintiff, and inmate Taylor heard and smelled the gas. The plaintiff's booth tier cell door was then closed, and the officers exited the tier. The officers returned ten minutes later, and defendant Poret order the plaintiff to come to the bars to be handcuffed. The plaintiff was handcuffed, and was yelling for defendants Poret and Butler to stop "jumping on him." The plaintiff was then placed in the shower cell, and defendant Poret stated, "Don't let his a** take no shower." The plaintiff requested to see medical and the defendants stated, "F*** you," and left. The plaintiff was seen by medical at 7:50 p.m. after he again requested medical care after shift change. *See* R. Docs. 69-3 and 69-4.

Defendants Poret and Butler have presented their own competing sworn affidavits, attesting that, on the referenced date, defendant Poret was not present at the time of the incident and that defendant Butler administered a one second burst of chemical agent into the plaintiff's cell after the plaintiff refused several verbal orders to cease the disturbance he was causing by screaming, cursing, banging on the toilet and racking down the cell bars. *See* R. Doc. 50-4 and 50-5.

As such, the parties have provided competing sworn accounts of the events of the referenced date, and the resolution of the factual dispute will require credibility determinations

that are not susceptible of determination on motion for summary judgment. In light of the apparent disputed fact issues regarding the plaintiff's retaliation and excessive force claims, the defendants' Motion for Summary Judgment should be denied.

## RECOMMENDATION

It is recommended that the defendants' Motion for Summary Judgment (R. Doc. 50) be denied.

Signed in Baton Rouge, Louisiana, on August 30, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**