UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERIC MCCALL** | **CIVIL ACTION** |
| **VERSUS** | |
| **TROY PORET, ET AL.** | **NO.: 15-00194-BAJ-RLB** |

## RULING AND ORDER

Because of Plaintiff's unruliness and refusal to comply with the Court's repeated orders, the above-captioned matter is **DISMISSED WITH PREJUDICE**.

I. BACKGROUND

Plaintiff, Eric McCall, brought this action pro se alleging that on July 15, 2014, Troy Poret and William Butler used excessive force against Plaintiff in retaliation for filing a previous lawsuit. (Doc. 99). At the pre-trial conference on January 25, 2018, (*see* Doc. 109), the Court explained courtroom procedures and its expectations for mutual respect and courtroom decorum. During a conference on the morning of trial, the Court again explained how it would conduct the trial and addressed issues raised by the parties. A jury was empaneled. Before opening arguments, and outside the presence of the jury, the Court ruled on motions in limine that Plaintiff raised for the first time at that morning's conference.

After adverse rulings, Plaintiff—through gestures and statements—showed his displeasure with the Court's rulings. The Court admonished Plaintiff to conduct himself respectfully during the trial. Both parties delivered opening statements

without incident. As Plaintiff conducted his direct examination of the first witness, the Court reminded Plaintiff that he must question the witness, and not engage in a monologue. Plaintiff became irate. He cursed endlessly, referred to the proceedings as racist, made threats to kill everyone in the courtroom, and had to be restrained and escorted out of the courtroom by Courtroom Security Officers and prison personnel. As the Court apologized to the jury for Plaintiff's behavior, he continued to cause a disturbance in the holding cell that the Court could hear for several minutes.

## II. LEGAL STANDARD

A court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court. Fed. R. Civ. P. 41(b). The court possesses the inherent authority to dismiss the action *sua sponte,* without motion by a defendant. *McCullough v. Lynaugh,* 835 F.2d 1126, 1127 (5th Cir. 1988). Nonetheless, "a dismissal with prejudice for failure to prosecute is an extreme sanction which is to be used only when the 'plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the court no choice but to deny that plaintiff its benefits.'" *McNeal v. Papasan,* 842 F.2d 787, 790 (5th Cir. 1988) (quoting *Rogers v. Kroger Co.,* 669 F.2d 317, 321 (5th Cir.1982)) (alterations in original).

Dismissal with prejudice should be reserved for situations where the "case discloses both a clear record of delay or contumacious conduct by the plaintiff, and that a lesser sanction would not better serve the best interests of justice." *Sampson v. Giles,* 410 Fed. App'x 823, 824–25 (5th Cir. 2011) (per curiam) (unpublished)

(quoting *McNeal,* 842 F.2d at 790). When determining whether dismissal with prejudice is appropriate, courts typically examine whether one or more of the following "aggravating factors" are present: "(1) the plaintiff's personal contribution to the delay, (2) the defendant's actual prejudice because of the delay; and (3) delay that can be characterized as intentional." *See McNeal,* 842 F.2d at 790.

## III. DISCUSSION

The Court finds that continuing with this matter would be futile because of Plaintiff's combative behavior and his continued refusal to follow courtroom procedures. Based on the factors enumerated by the Fifth Circuit in *McNeal,* the Court further finds that dismissal with prejudice is warranted. 842 F.2d at 790. Despite the Court's best efforts to give Plaintiff his day in court, Plaintiff is solely responsible for turning the courtroom into a hostile environment where he could not prosecute his claims. Moreover, at this late stage in the proceedings, it would prejudice Defendants to go through the time and expense of another jury trial, especially where Plaintiff seems unwilling to legitimately pursue his claims in a manner required by the Federal Rules of Evidence and the local rules of this Court.[1]

---

[1] Specifically, the local rules for the Middle District of Louisiana provide rules for attorney conduct during trial. M.D. La. L.R. 83(b)(16) (courtroom decorum). The Court informed Plaintiff on multiple occasions that, although it would help Plaintiff to the extent appropriate for a pro se claimant, it would expect him to abide by the rules of conduct for attorneys by treating others in the courtroom with respect, refraining from outbursts, and avoiding disparaging personal remarks.

3

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the above-captioned matter is **DISMISSED WITH PREJUDICE**.

Baton Rouge, Louisiana, this 9th day of March, 2018.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**