# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ERIC MCCALL | CIVIL ACTION |
| VERSUS | |
| TROY PORET, ET AL. | NO.: 15-00194-BAJ-RLB |

## RULING AND ORDER

Before the Court is the **Motion for a New Trial (Doc. 115)** filed by Plaintiff, Eric McCall. Plaintiff requests that the Court reconsider its prior order, dismissing his claims with prejudice for repeated failure to abide by the Court's orders. (*See* Doc. 114). For the following reasons, the motion is **DENIED**.

## I. BACKGROUND

Plaintiff, Eric McCall, brought this action pro se alleging that on July 15, 2014, Troy Poret and William Butler sprayed him with pepper spray in retaliation for filing a lawsuit and administrative complaints. (Doc. 93 at pp. 1–2). On March 2, 2018, the Court empaneled a jury a began trial. (Doc. 116). The Court dismissed Plaintiff's claims for failure to prosecute, and failure to abide by the Court's orders, as detailed in the Court's previous Ruling and Order. (Doc. 114). Specifically, Plaintiff yelled, cursed at the Court and jury, and threatened to kill everyone in the courtroom. (*Id.* at at p. 2).

## II. LEGAL STANDARD

Although Plaintiffs styles his motion as a "motion for a new trial," the Court dismissed his action for failure to prosecute. The jury never reached a verdict, and therefore, Federal Rule of Civil Procedure 59(a)(1) is not applicable. In essence, Plaintiff asks the Court to reconsider its order of dismissal.

The Federal Rules of Civil Procedure do not expressly recognize a motion for reconsideration. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). However, the United States Court of Appeals for the Fifth Circuit has consistently recognized that such a motion may challenge a judgment or order under Rules 54(b), 59(e), or 60(b) of the Federal Rules of Civil Procedure. *See, e.g., U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (reviewing an appeal of a motion for reconsideration under Rule 59(e)); *Iturralde v. Shaw Grp., Inc.*, 512 F. App'x 430, 432 (5th Cir. 2013) (reviewing an appeal of a motion for reconsideration under Rule 54(b)); *United States v. William*, 124 F.3d 192 (5th Cir. 1997) (reviewing an appeal of a motion for reconsideration under Rule 60(b)). Because Plaintiff is a pro-se litigant, the Court will construe his filing as broadly as possible.[1]

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (*In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "A Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence" and

---

[1] Rule 54(b) allows the Court to reconsider any order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties." Because the Court dismissed all of Plaintiff's claims, Rule 54(b) is not applicable.

cannot be used to "raise arguments that could, and should, have been made before the judgment issued." *Advocare Int'l LP v. Horizon Labs., Inc.*, 524 F.3d 679, 691 (5th Cir. 2008). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Shaw v. Broadcast.com, Inc.*, No. 98-cv-2017-P, 2005 U.S. Dist. LEXIS 34553, at *5 (N.D. Tex. Dec. 20, 2005) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)); *cf. Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (defining "manifest error" in the appellate review context as "one that is plain and indisputable, and that amounts to a complete disregard of the controlling law").

Courts have significant discretion in deciding whether to grant a motion to reconsider under Rule 59(e). *Templet*, 367 F.3d at 479. Nevertheless, granting a motion for reconsideration is "an extraordinary remedy that should be used sparingly." *Id.* Thus, in determining whether to grant a motion to reconsider, courts must balance "the need to bring litigation to an end" and "the need to render just decisions on the basis of all the facts." *Id.*

"The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (citing *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. Unit A Jan. 1981)). Similar to the standard under Rule 59(e), "the decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of

that discretion." *Id.* (quoting *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc)) (internal citations omitted). A district court may grant relief under Rule 60(b) for one of six reasons listed therein: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). The Fifth Circuit has instructed that relief under Rule 60(b)(6) "is mutually exclusive from relief available under sections (1)–(5)." *Hesling*, 396 F.3d at 642 (citing *Transit Cas. Co. v. Sec. Trust Co.*, 441 F.2d 788, 792 (5th Cir. 1971)). Furthermore, relief under Rule 60(b)(6) is only warranted when "extraordinary circumstances are present." *Id.* (quoting *Am. Totalisator Co., Inc. v. Fair Grounds Corp.*, 3 F.3d 810, 815 (5th Cir. 1993)) (internal citation omitted).

### III. DISCUSSION

Plaintiff claims that he was unable to move forward with his case "due to his mental state and condition," and that the Court "was aware of those condition[s] and let Plaintiff move forward without counsel." (Doc. 115 at pp. 1–2). Further, he argues that the Court erred by rejecting his earlier request for counsel. (*Id* at p. 2). Plaintiff therefore requests that the Court declare a mistrial and allow him to proceed with a new trial. (*Id.*). Plaintiff also apologizes for yelling profanities and death threats in the courtroom during trial. (*Id.*). In support of his motion, Plaintiff attaches a psychiatric report from 2010, which he claims shows he was incapable of prosecuting his claims without the assistance of counsel. (Doc. 115-1).

Although the Court appreciates and accepts Plaintiff's apology for the disturbance he caused during his trial, the Court will not vacate its previous order dismissing the action. Under Rule 59(e), Plaintiff needs to establish either a manifest error of law or fact or present the court with newly discovered evidence. *Advocare*, 524 F.3d at 691. He cannot "raise arguments that could, and should, have been made before the judgment issued." *Id..* The Court's authority to dismiss Plaintiff's case due to a failure to prosecute is well supported, *see, e.g., McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988), and therefore Plaintiff has not demonstrated a "manifest error of law." *See Advocare*, 524 F.3d at 691. The psychiatric report is not new evidence. The report was produced in 2010, and Defendant had the opportunity to present it with his first motion to appoint counsel (Doc. 70), which the Magistrate Judge denied (Doc. 73). Although the assessment states that Plaintiff has a personality "characterized by risk-taking and impulsivity" and that his concentration and attention are somewhat limited (Doc. 115-1 at pp. 1–2), nothing in the report leads to the ultimate conclusion that Plaintiff was unable to litigate his case. At the pretrial conference with the Court, Plaintiff never claimed that he would be unable to represent himself. To the contrary, Plaintiff stated that he had participated in a previous civil trial, *McCall v. Stead*, No. 14-cv-2012 (M.D. La. 2017), and that this experience would enable him to effectively represent himself in this case—although he was represented by counsel in the previous case. Plaintiff indicated that he was ready and able to proceed to trial, and that he would be willing to follow the Court's instructions.

Additionally, none of the enumerated reasons for granting a motion under Rule 60(b) applies to this case. Only the catch-all provision, "any other reason that justifies relief" could potentially apply. Fed. R. Civ. P. 60(b)(6). This "grand reservoir of equitable power" allows the Court "to vacate judgments whenever such action is appropriate to accomplish justice." *Hesling*, 396 F.3d at 642 (quoting *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453m 1458 (5th Cir. 1992). However, it should only be used when "extraordinary circumstances are present." *Id.* The Court finds that relief from the judgment is not necessary to accomplish justice and that extraordinary circumstances are not present. Plaintiff's own shockingly disrespectful and contumacious conduct, and hid refusal to comply with the Court's repeated instructions caused the Court to dismiss his case.

Moreover, Plaintiff's main complaint is that the Court did not appoint counsel, "but there is no automatic right to appointment of counsel in a civil rights case." *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007). "In evaluating whether the appointment of counsel is proper, the district court considers the type and complexity of the case, the litigant's ability to investigate and present the case, and the level of skill required to present the evidence." *Id.* (quoting *Castro Romero v. Becken*, 256 F.3d 349, 354 (5th Cir. 2001). The Magistrate Judge concluded that Plaintiff's complaint was neither factually nor legally complex and that Plaintiff appeared to have the ability to litigate the case. (*See* Doc. 73). The Court agrees with the Magistrate Judge.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's motion (Doc. 115) is **DENIED**.

Baton Rouge, Louisiana, this 9th day of July, 2018.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**